UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CANVA US, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ACCESSIFY, LLC, a Texas limited liability company, and ASCEND IP, LLC, a Washington limited liability company,<br><br>Defendants. | Case No. 2:23-cv-1945<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Canva US, Inc. ("Canva"), through its undersigned counsel, hereby alleges as follows against Defendants Accessify, LLC ("Accessify") and Ascend IP, LLC ("Ascend IP") (collectively, "Defendants"):

## NATURE OF THE ACTION

1. This is an action for a declaratory judgement against Defendant Accessify that Canva does not infringe U.S. Patent Nos. 7,316,032 (the "'032 Patent"), 7,472,354 (the "'354 Patent"), 7,562,397 (the "'397 Patent"), 7,752,656 (the "'656 Patent"), 8,069,489 (the "'489 Patent"), 8,416,266 (the "'266 Patent"), 9,400,586 (the "'586 Patent"), and 10,554,424 (the "'424 Patent") (collectively, the "Patents-in-Suit").



**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

2. This is also an action for a judgment that Defendants Accessify and Ascend IP have violated Revised Code of Washington ("RCW") 19.350 *et seq.* (the Patent Troll Prevention Act) (the "PTPA") and RCW 19.86 *et seq.* (the Washington State Consumer Protection Act) (the "CPA") by making bad faith assertions of patent infringement.

3. Defendants have made baseless assertions that Canva's online visual communications and collaboration platform infringes certain patents, followed immediately by attempts to license those (non-infringed) patents along with many other "patent assets" (the "Accessify Portfolio") to Canva. Canva does not infringe the patents asserted by Defendants, and declaratory judgment of non-infringement is appropriate. Further, Defendants' patent infringement claims were made in bad faith, lacking in any factual support whatsoever. Defendants' infringement assertions and licensing offer contain no factual allegations as to even what part of the Canva online platform is alleged to infringe the patents, let alone how, and do not demonstrate that Defendants performed the required analysis comparing the claims in the asserted patents to Canva's products and services. Judgement is therefore also appropriately entered in Canva's favor and against Defendants under the PTPA and CPA.

## THE PARTIES

4. Canva US, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Austin, Texas.

5. On information and belief, Accessify, LLC is a Limited Liability Company organized under the laws of Texas with its registered office address in Houston, Texas, 77064-1132.

6. On information and belief, Ascend IP, LLC is a Limited Liability Company organized under the laws of Washington with its principal office address at 7683 SE 27th Street, #476, Mercer Island, Washington, 98040.



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

7. On information and belief, Muhammad Riad Chummun ("Riad Chummun" or "Mr. Chummun") is a principal, governor, or manager of Ascend IP and lives in Redmond, Washington.

8. On information and belief, Jim Weisfield is a principal, governor, or manager of Ascend IP and lives in Seattle, Washington.

**JURISDICTION AND VENUE**

9. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

10. This action also arises under the Patent Troll Prevention Act enacted by the State of Washington at RCW 19.350 *et seq.*, prohibiting bad faith assertion of patent infringement, and RCW 19.86 *et seq.*, the Washington State Consumer Protection Act.

11. This Court has subject matter jurisdiction over the claims for declaratory judgment alleged against Accessify in this action at least under 28 U.S.C. §§ 1331, 1338, 2201, and 2202, because this Court has original, exclusive jurisdiction over declaratory judgment claims arising under the patent laws pursuant to these statutes.

12. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Canva's state law PTPA and CPA claims alleged against all parties, as those claims arise out of the same case or controversy as its declaratory judgment claim for which this Court has original jurisdiction.

13. This Court also has diversity jurisdiction over Canva's state law claims alleged against Ascend IP under 28 U.S.C. § 1332. The requirements for diversity jurisdiction are met as Canva is incorporated in a state (Delaware) and has its principal places of business in a state (Texas) that are different from the state of Washington, in which, on information and belief, Ascend IP has its principal place of business and under the laws of which Ascend IP is organized, and because the amount in controversy exceeds $75,000.



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

14. This Court has personal jurisdiction over Defendant Accessify because Accessify has sufficient minimum contacts with the state of Washington to satisfy the requirements of the Washington long-arm statute (RCW 4.28.185) and Constitutional due process requirements.

15. First, Accessify transacts business within this District and in Washington, including by employing Ascend IP to act its exclusive licensing agent for its patent portfolio. Furthermore, Accessify's "managing member" is MindFusion LLC ("MindFusion"), a Washington limited liability company. Ex. N (Texas Secretary of State record for Accessify). MindFusion's principals are Jim Weisfield (principal of Ascend IP) and Ascend Innovation Management, LLC ("Ascend Innovation Management"), a Washington limited liability company. Ex. O (Washington Secretary of State record for MindFusion). Ascend Innovation Management's principals are Ascend IP's principals Riad Chummun and Jim Weisfield. Ex. P (Washington Secretary of State record for Ascend Innovation Management). On information and belief, both Mr. Chummun and Mr. Weisfield reside in Washington. When formed, Accessify's "managing member" was Washington LLC Ascend Innovation Management. Ex. Q (Accessify Certificate of Formation); Ex. R (Accessify Certificate of Amendment). MindFusion lists 9407 NE Vancouver Mall Dr. Ste 104 #1253 Vancouver, Washington 98662 as its principal office address. Ex. O, at p. 1. Ascend Innovation Management lists the same address as the address for its registered agent. Ex. P, at p. 1. When formed, Ascend IP listed this same address as its principal office address. Ex. S (Ascend IP Initial Report), at p. 1. Accessify acquired the patents at issue in this case from MindFusion; the assignment document conveying the patents lists MindFusion's address as 7683 SE 27th Street, #476, Mercer Island, Washington, 98040, the same as Ascend IP's principal office address. Ex. T (Patent Assignment), at p. 4.



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

16. Second, Ascend IP's acts in and contacts with the forum are properly imputed to Accessify for jurisdictional purposes because Ascend IP is acting as Accessify's agent. Ascend IP has asserted in correspondence sent to Canva that it is "the exclusive agent to manage the licensing of the Accessify Portfolio." Ex. L, at p. 2. Ascend IP further states that it is acting, "On behalf of Accessify," in discussing "licensing options" for the "Accessify Portfolio." *Id.* (emphasis added).

17. Accessify has purposefully availed itself of the privilege of conducting business activities within this District, including with respect to the enforcement and licensing of its patent holdings.

18. This Court has personal jurisdiction over Defendant Ascend IP because Ascend IP is a limited liability company organized and existing under the laws of Washington and having its principal place of business in Washington. This Court further has personal jurisdiction over Ascend IP because Canva's claims under the PTPA and CPA arise out of the letter sent by Ascend IP from this District. On information and belief, Ascend IP, from this District, further enforces the intellectual property rights of Accessify against other parties as well.

19. For the foregoing reasons, venue in this District is proper under 28 U.S.C. § 1391.

**PATENTS-IN-SUIT**

20. The '032 Patent, entitled "Method for Allowing a Customer to Preview, Acquire and/or Pay for Information and a System Therefor," issued on January 1, 2008. A copy of the '032 Patent is attached as Exhibit A.

21. Accessify asserts it is the present owner of the '032 Patent. An assignment of the '032 Patent to Accessify was recorded in the USPTO at Reel/Frame 064357/0642 on July 21, 2023.



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

22. The ’354 Patent, entitled “Graphical User Interface Having an Attached Toolbar for Drag and Drop Editing in Detail-in-Context Lens Presentations,” issued on December 30, 2008. A copy of the ’354 Patent is attached as Exhibit B.

23. Accessify asserts it is the present owner of the ’354 Patent. An assignment of the ’354 Patent to Accessify was recorded in the USPTO at Reel/Frame 064357/0642 on July 21, 2023.

24. The ’397 Patent, entitled “Method and System for Facilitating Search, Selection, Preview, Purchase Evaluation, Offering for Sale, Distribution, and/or Sale of Digital Content and Enhancing the Security Thereof,” issued on July 14, 2009. A copy of the ’397 Patent is attached as Exhibit C.

25. Accessify asserts it is the present owner of the ’397 Patent. An assignment of the ’397 Patent to Accessify was recorded in the USPTO at Reel/Frame 064357/0642 on July 21, 2023.

26. The ’656 Patent, entitled “Controlling Access to Name Service for a Domain Name System, issued on July 6, 2010. A copy of the ’656 Patent is attached as Exhibit D.

27. Accessify asserts it is the present owner of the ’656 Patent. An assignment of the ’656 Patent to Accessify was recorded in the USPTO at Reel/Frame 065159/0001 on October 9, 2023.

28. The ’489 Patent, entitled “Method and System for Facilitating Search, Selection, Preview, Purchase Evaluation, Offering for Sale, Distribution, and/or Sale of Digital Content and Enhancing the Security Thereof,” issued on November 29, 2011. A copy of the ’489 Patent is attached as Exhibit E.

29. Accessify asserts it is the present owner of the ’489 Patent. An assignment of the ’489 Patent to Accessify was recorded in the USPTO at Reel/Frame 064357/0642 on July 21, 2023.



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

30. The ’266 Patent, entitled “Interacting with Detail-in-Context Presentations,” issued on April 9, 2013. A copy of the ’266 Patent is attached as Exhibit F.

31. Accessify asserts it is the present owner of the ’266 Patent. An assignment of the ’266 Patent to Accessify was recorded in the USPTO at Reel/Frame 064357/0642 on July 21, 2023.

32. The ’586 Patent, entitled “Graphical User Interface Having an Attached Toolbar for Drag and Drop Editing in Detail-in-Context Lens Presentations,” issued on July 26, 2016. A copy of the ’586 Patent is attached as Exhibit G.

33. Accessify asserts it is the present owner of the ’586 Patent. An assignment of the ’586 Patent to Accessify was recorded in the USPTO at Reel/Frame 064357/0642 on July 21, 2023.

34. The ’424 Patent, entitled “Enhanced Security Preview of Digital Content,” issued on February 4, 2020. A copy of the ’424 Patent is attached as Exhibit H.

35. Accessify asserts it is the present owner of the ’424 Patent. An assignment of the ’424 Patent to Accessify was recorded in the USPTO at Reel/Frame 064357/0642 on July 21, 2023.

36. The patents identified in Paragraphs 20–35 are referred to herein as the “Patents-in-Suit.”

## DECLARATORY JUDGMENT CLAIMS AGAINST ACCESSIFY

37. An actual, justiciable, substantial, and immediate case and controversy exists between Canva and Accessify under 28 U.S.C. §§ 2201–2202 as to whether the Patents-in-Suit are infringed.

38. Accessify alleges that Canva’s online visual communications and collaboration platform has and continues to infringe the Patents-in-Suit. These allegations are set forth in a Complaint filed on October 23, 2023, against Canva-related entities Canva, Inc.



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

and Canva Pty Ltd. in the Western District of Texas, *Accessify, LLC v. Canva, Inc., et al.*, Civil Action No. 23-cv-01289 (W.D. Tex.) (the "Texas Litigation"). A copy of the Complaint in the Texas Litigation is attached as Exhibit M.

39. Accessify incorrectly sued Canva Inc. and Canva Pty. Inc. in the Texas Litigation. Plaintiff herein, Canva US, Inc., is the US operating company for Canva, Inc., a parent company that does not have any US operations. Canva Pty., Inc. also does not have any US operations.

40. Plaintiff Canva US, Inc.'s operations include the Canva online visual communications and collaboration platform accused of infringement by Accessify in the Texas Litigation. Accessify's patent infringement assertions directed at the Canva online visual communications and collaboration platform establish that there is a case and controversy to support this declaratory judgment action by Plaintiff Canva here. Canva denies infringement of any of the Patents-in-Suit. Based on Accessify's claims in the Texas Litigation, Canva faces a substantial risk that Accessify will assert the Patents-in-Suit against Canva. A case or controversy therefore exists to support the declaratory relief sought in this case.

**DEFENDANTS' BAD FAITH ASSERTION OF PATENT INFRINGEMENT**

41. Defendants engage in abusive patent litigation, especially through the bad faith assertion of infringement claims.

42. Ascend IP is described both on its website and by its principal and founder, Riad Chummun, as follows: "Ascend IP is a full-service IP monetization firm helping clients strategically acquire, develop, sell, enforce and license patent portfolios. Currently managing thousands of patent assets across multiple tech sectors, Ascend IP helps patent owners of all sizes implement leading portfolio monetization programs. Ascend delivers extraordinary results for patent inventors, owners and investors through world-class strategy, execution and



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

service." Ex. I, at p. 3 (https://www.ascendip.com/).

43. The website IAM, which reports regarding patent matters and is linked to on Ascend IP's website, describes Mr. Chummun and Ascend IP as follows:

> Riad Chummun is a principal and founder of Ascend IP. Ascend IP is a full-service IP monetisation firm specialising in acquiring, selling, financing, prosecuting, licensing, brokering and managing patent portfolios. Currently managing thousands of patent assets across multiple tech sectors, Ascend helps patent owners of all sizes implement leading portfolio monetisation programmes. Ascend delivers extraordinary results for patent inventors, owners and investors through world-class strategy, execution and service.
>
> Prior to co-founding Ascend IP, Mr Chummun spent over a decade leading Intellectual Ventures' invention investment funds. At IV, He served as senior director of patent sales, channel and partner licensing. He managed the IP-for-Defense programme developing counter-suit strategies for companies facing litigation by their competitors. He was core to the small team that established a consortium of 12 companies to acquire the Kodak portfolio out of bankruptcy for over half a billion dollars. On IV's Global Licensing team and as a leader for IV's IIF he helped lead sales of tens of thousands of patent assets; invest billions in capital through acquisitions; and produce billions in licensing revenue.

Ex. J, at p. 1 (https://www.iam-media.com/rankings/strategy-300/profile/person/riad-chummun).

44. Ascend IP's website further states that, "In the past year, Ascend's principals have overseen nearly four dozen client cases," and that:

> Ascend's principals helped generate billions of dollars in licensing revenue over their careers. Since forming Ascend, we've achieved an impressive run rate, closing a record number of deals for our esteemed clients. Notably, we have closed twice as many licenses through amicable, out-of-litigation negotiations compared to in-litigation deals. Our principals excel at drafting, negotiating, and closing licensing contracts, ensuring a seamless and valuable process for our clients.

Ex. I, at p. 9.

45. Accessify filed the Texas Litigation on October 23, 2023. On information and belief, Accessify lacked a good faith basis for asserting infringement in that case, including because the Complaint filed therein includes no specific factual allegations as to how the Canva online visual communications and collaboration platform is alleged to infringe the



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

patents asserted therein. Additionally, that Complaint asserts its infringement allegations against the wrong parties, Canva Inc. and Canva Pty. Ltd. *See* Ex. M.

46. In the Texas Litigation, Accessify asserts eight patents, with three different groups of inventors covering at least three entirely unrelated areas of technology. Accessify broadly accuses "the hardware, software, and functionality that allows users to use, access, view, and purchase digital content and information from the Canva website ('Accused Products')" of infringing these eight patents. Ex. M, ¶ 22. However, Canva's online visual communications and collaboration platform is a complex product with many features, most if not all of which could and should be fairly described separately. Additionally, because of the nature of the "online" platform, many of these features are readily visible on the public Internet. Acessify's Complaint, however, does not state what aspects of Canva's online platform Accessify's claims asserting these eight patents covering disparate technologies are related to, let alone how it is alleged to infringe, so Canva cannot understand let alone assess Accessify's claims of infringement.

47. The Complaint in the Texas Litigation includes no factual allegations relating to the specific areas in which Canva's online visual communications and collaboration platform online is alleged to infringe any of the patents asserted therein. The Complaint does not include claim charts, or any specific reference to what part of Canva's online platform is alleged to contain the systems of, or perform the methods claimed in, those patents, other than to list certain features of Canva's online visual communications and collaboration platform as purported examples, without explaining in any way how they relate to the asserted patents.

48. Two days after the Texas Litigation was filed, Ascend IP principal Mr. Chummun sent an email to a Canva employee stating that, "a friend and I launched our own IP boutique firm about a year and a half ago and we're doing pretty much what we were doing at Intellectual Ventures, but now doing it for ourselves." Mr. Chummun further states: "I am



**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

reaching out as I wanted to give you a heads up that one of the companies we represent filed a patent suit against Canva (see Accessify, LLC v. Canva Inc.). Sometimes companies prefer resolving these matters early on and I thought of dropping you a line in case you or a colleague in your legal team would like to discuss the matter further."

49. On or about November 1, 2023, Mr. Chummun sent a letter to Canva Inc. (the "Demand Letter"). A copy of the email conveying the Demand letter is attached as Exhibit K and a copy of the Demand Letter is attached as Exhibit L. In the Demand Letter, Mr. Chummun references the Texas Litigation, stating "As you may be aware, on October 23rd, 2023, Accessify, LLC ('Accessify') filed a lawsuit against Canva Inc. ('Canva') in the United States District Court for the Western District of Texas (Civil Action No. 6-23-cv-00727) alleging infringement of the following eight United States patents (the 'Asserted Patents') …" Ex. L, at p. 1. The Demand Letter then lists the same eight patents as asserted in the Texas Litigation (also the Patents-in-Suit here). *Id.*

50. The Demand Letter then states that "[t]he Asserted Patents are part of a portfolio of nearly <u>200 patent</u> assets owned by Accessify and listed in the attached Schedule A (the 'Portfolio')." *Id.* at p. 1 (emphasis in the original). The Accessify Portfolio is described by Mr. Chummun as:

> Comprises of nearly 200 patent assets on important paywall and internet technologies including: digital content subscription, customer loyalty system, online search and advertising, web address resolution, and detail-in-context data presentation. Includes some 90 US granted patents that disclose inventions through 2,500 claims, including method claims with substantial back damage considerations. … Has been extensively charted and is being litigated.

*Id.* at p. 2.

51. The Demand Letter further states that Ascend IP is "the <u>exclusive agent</u> to manage the licensing of the Accessify Portfolio," and offers that "<u>[o]n behalf of Accessify</u>, we would like to schedule a call with you or your team to discuss how we can engage in



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

exploring these licensing options." *Id.* (emphasis added). The Demand Letter also states that, "Ascend is hopeful that this matter can be resolved quickly and efficiently between the parties before they begin to expend significant time and money on the litigation." *Id.*

52. The email conveying the Demand Letter likewise states that "Accessify asked us to reach out to you alongside the pending action to better explain their portfolio and to evaluate whether reasonable, good faith negotiations might help resolve this matter with minimal time and expense for both parties." Ex. K, at p. 1.

53. The Demand Letter is signed by Mr. Chummun, as "Principal" for Ascend IP, LLC. Ex. L, at p. 2. The address for Ascend IP on the letter is 7683 27th Street #476, Mercer Island, WA 98040. *Id.* at p. 1.

54. The Demand Letter is devoid of any factual allegations relating to the specific areas in which Canva's online visual communications and collaboration platform online is alleged to infringe any of the patents in the Accessify Portfolio, including the Patents-in-Suit. The Demand Letter does not state what part of Canva's online platform is alleged to include the patented systems or to practice the methods of the eight specifically identified patents, let alone the other patents in the "Accessify Portfolio."

55. The Demand Letter includes an exhibit listing the patents and applications that Ascend IP asserts are part of the Accessify Portfolio. *Id.* at pp. 3–15. The Demand Letter does not, however, include any claim charts or other patent infringement analysis, either for the eight patents identified by patent number, or for the "nearly 200 patent assets" purportedly included in the Accessify Portfolio. *Id.* at pp. 1–15.

56. On or about October 6, 2023, Accessify filed suit against Financial Times Limited in the Eastern District of Texas, *Accessify, LLC v. Financial Times Ltd.*, No. 2:23-cv-00474 (E.D. Tex.), alleging that the Financial Times infringes six of the eight Patents-in-Suit (the '356 Patent, the '032 Patent, the '397 Patent, the '489 Patent, the '424 Patent, and the



**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

’656 Patent), as well as U.S. Patent No. 7,039,722.

57. On information and belief, Ascend IP has sent similar correspondence to the Demand Letter offering to license the Accessify Portfolio to other parties.

**COUNT I**

**(Declaratory Judgment that Canva Does Not Infringe the ’032 Patent (against Accessify))**

58. Canva re-alleges and incorporates each of the allegations in Paragraphs 1–57 above as though fully set forth herein.

59. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Canva and Defendant Accessify regarding whether Canva infringes any claim of the ’032 Patent.

60. Canva does not infringe, and has not infringed, any claim of the ’032 Patent. For example, Accessify identified Canva’s online visual communications and collaboration platform as infringing at least claim 1 of the ’032 Patent in the Texas Litigation. Claim 1 is reproduced below (brackets added):

> 1[pre] A method for allowing a user to preview an information product, said method comprising the steps of:
>
> [1a] providing a preview version of said information product; said preview version being created by superposing a masking effect on an original form of said information product, said preview version being readily accessible and remaining representative of said original form of said information product and enabling said user in evaluating said information product for making a purchase decision, said masking effect being superposed on a region of said information product and adapted to interfere with receiving of said information product in said original form by said user;
>
> [1b] allowing said user to access said preview version of said information product; and
>
> [1c] controlling at least one of—presence, absence, duration of application and permanence of said masking effect, superposed on said information product, in accordance with at least one criterion thereby controlling receiving of said information product in said original form by said user.



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

61. Canva does not infringe any claim of the ’032 Patent because no Canva product or service meets or embodies at least the following claim limitations: [1a] providing a preview version of said information product; said preview version being created by superposing a masking effect on an original form of said information product, said preview version being readily accessible and remaining representative of said original form of said information product and enabling said user in evaluating said information product for making a purchase decision, said masking effect being superposed on a region of said information product and adapted to interfere with receiving of said information product in said original form by said user; [1b] allowing said user to access said preview version of said information product; and [1c] controlling at least one of—presence, absence, duration of application and permanence of said masking effect, superposed on said information product, in accordance with at least one criterion thereby controlling receiving of said information product in said original form by said user.

62. The complaint filed by Accessify in the Texas Litigation is wholly inadequate and does not include sufficient allegations to support a claim that the Canva online visual communications and collaboration platform infringes the ’032 Patent.

63. Canva is entitled to a judgment declaring that it does not infringe any claim of the ’032 Patent. Canva has no adequate remedy at law.

**COUNT II**

**(Declaratory Judgment that Canva Does Not Infringe the ’354 Patent (against Accessify)**

64. Canva re-alleges and incorporates each of the allegations in Paragraphs 1–57 above as though fully set forth herein.

65. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Canva and Defendant Accessify regarding whether Canva infringes any claim of the ’354 Patent.



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

66. Canva does not infringe, and has not infringed, any claim of the ’354 Patent. For example, Accessify identified Canva’s online visual communications and collaboration platform as infringing at least claim 1 of the ’354 Patent in the Texas Litigation. Claim 1 is reproduced below (brackets added):

> 1[pre] A method for positioning a selected object in an original image for display on a display screen, comprising:
>
> [1a] distorting said original image to produce a distorted region for said object, said object being positioned at an initial position within said original image, said distorted region including magnification of at least a portion of said object;
>
> [1b] receiving a signal for dragging said object with said distorted region from said initial position to a desired position for said object within said original image;
>
> [1c] receiving a signal for dropping said object at said desired position, whereby said distorted region with said magnification facilitates accurate positioning of said object at said desired position; and,
>
> [1d] removing said distorted region from said original image after said dropping of said object.

67. Canva does not infringe any claim of the ’354 Patent because no Canva product or service meets or embodies at least the following claim limitations: [1a] distorting said original image to produce a distorted region for said object, said object being positioned at an initial position within said original image, said distorted region including magnification of at least a portion of said object; [1b] receiving a signal for dragging said object with said distorted region from said initial position to a desired position for said object within said original image; [1c] receiving a signal for dropping said object at said desired position, whereby said distorted region with said magnification facilitates accurate positioning of said object at said desired position; and [1d] removing said distorted region from said original image after said dropping of said object.



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

68. The complaint filed by Accessify in the Texas Litigation is wholly inadequate and does not include sufficient allegations to support a claim that the Canva online visual communications and collaboration platform infringes the ’354 Patent.

69. Canva is entitled to a judgment declaring that it does not infringe any claim of the ’354 Patent. Canva has no adequate remedy at law.

**COUNT III**

**(Declaratory Judgment that Canva Does Not Infringe the ’397 Patent (against Accessify))**

70. Canva re-alleges and incorporates each of the allegations in Paragraphs 1–57 above as though fully set forth herein.

71. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Canva and Defendant Accessify regarding whether Canva infringes any claim of the ’397 Patent.

72. Canva does not infringe, and has not infringed, any claim of the ’397 Patent. For example, Accessify identified Canva’s online visual communications and collaboration platform as infringing at least claim 1 of the ’397 Patent in the Texas Litigation. Claim 1 is reproduced below (brackets added):

> 1[pre] A method for controlling the distribution of a digital work, said method comprising the steps of:
>
> [1a] arranging said digital work into a plurality of layers, said plurality of layers comprising at least a first layer and a second layer, said first layer comprising a masking effect;
>
> [1b] superposing said first layer onto said second layer, said masking effect being adapted to interfere with receiving of said digital work in an original configuration by a user, thereby defining a masked configuration of said digital work;
>
> [1c] providing said digital work in said masked configuration, wherein said masked configuration being readily accessible and adapted for providing a preview version of said digital work; allowing said user to access said preview version of said digital work; and



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

> [1d] controlling at least one of—presence of said masking effect, absence of said masking effect, duration of application of said masking effect and permanence of said masking effect thereby controlling receiving of said digital work in said original configuration by said user.

73. Canva does not infringe any claim of the ’397 Patent because no Canva product or service meets or embodies at least the following claim limitations: [1c] providing said digital work in said masked configuration, wherein said masked configuration being readily accessible and adapted for providing a preview version of said digital work; and [1d] controlling at least one of—presence of said masking effect, absence of said masking effect, duration of application of said masking effect and permanence of said masking effect thereby controlling receiving of said digital work in said original configuration by said user.

74. The complaint filed by Accessify in the Texas Litigation is wholly inadequate and does not include sufficient allegations to support a claim that the Canva online visual communications and collaboration platform infringes the ’397 Patent.

75. Canva is entitled to a judgment declaring that it does not infringe any claim of the ’397 Patent. Canva has no adequate remedy at law.

## COUNT IV

### (Declaratory Judgment that Canva Does Not Infringe the ’656 Patent (against Accessify))

76. Canva re-alleges and incorporates each of the allegations in Paragraphs 1–57 above as though fully set forth herein.

77. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Canva and Defendant Accessify regarding whether Canva infringes any claim of the ’656 Patent.

78. Canva does not infringe, and has not infringed, any claim of the ’656 Patent. For example, Accessify identified Canva’s online visual communications and collaboration platform as infringing at least claim 1 of the ’656 Patent in the Texas Litigation. Claim 1 is



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

reproduced below (brackets added):

> 1[pre] A method for controlling access to content, the method comprising:
>
> [1a] receiving, at a name server, requests for content from a plurality of network devices, each of the requests indicating respective requested domain names, wherein the name server is operably associated with a memory storing a domain name table listing IP addresses for network content servers in association with domain names;
>
> [1b] determining whether requests for content are associated with respective user access privileges for the respective requested domain names;
>
> [1c] determining, for ones of the requests associated with respective user access privileges, corresponding ones of IP addresses associated with the respective requested domain names in the domain name table;
>
> [1d] determining, for ones of the requests not associated with respective user access privileges, an IP address for an authorization server configured to request authorization data from network devices; and
>
> [1e] responding to the requests for content by providing corresponding ones of the IP addresses and the IP address for the authorization server to respective requesting ones of the plurality of network devices.

79. Canva does not infringe any claim of the ’656 Patent because no Canva product or service meets or embodies at least the following claim limitations: [1b] determining whether requests for content are associated with respective user access privileges for the respective requested domain names; [1c] determining, for ones of the requests associated with respective user access privileges, corresponding ones of IP addresses associated with the respective requested domain names in the domain name table; [1d] determining, for ones of the requests not associated with respective user access privileges, an IP address for an authorization server configured to request authorization data from network devices; and [1e] responding to the requests for content by providing corresponding ones of



**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

the IP addresses and the IP address for the authorization server to respective requesting ones of the plurality of network devices.

80. The complaint filed by Accessify in the Texas Litigation is wholly inadequate and does not include sufficient allegations to support a claim that the Canva online visual communications and collaboration platform infringes the '656 Patent.

81. Canva is entitled to a judgment declaring that it does not infringe any claim of the '656 Patent. Canva has no adequate remedy at law.

**COUNT V**

**(Declaratory Judgment that Canva Does Not Infringe the '489 Patent (against Accessify))**

82. Canva re-alleges and incorporates each of the allegations in Paragraphs 1–57 above as though fully set forth herein.

83. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Canva and Defendant Accessify regarding whether Canva infringes any claim of the '489 Patent.

84. Canva does not infringe, and has not infringed, any claim of the '489 Patent. For example, Accessify identified Canva's online visual communications and collaboration platform as infringing at least claim 1 of the '489 Patent in the Texas Litigation. Claim 1 is reproduced below (brackets added):

> 1[pre] A method for controlling access to an original configuration of a digital work on a computer network, said method comprising the steps of:
>
> [1a] providing a masked configuration of said digital work, said masked configuration of said digital work being created by applying a masking effect on said original configuration of said digital work, said masked configuration being adapted for interfering with at least one of—viewing, hearing, displaying, and rendering of said digital work in said original configuration on a computer system, said masked configuration being readily accessible by a user of said digital work and remaining representative of said original configuration of said digital work thereby enabling said user to substantially examine said digital work;



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

> [1b] allowing said user to access said masked configuration of said digital work, for at least one of—viewing, hearing, displaying and rendering of said digital work in said masked configuration on said computer system, and providing at least a preview version of said digital work on said computer system;
>
> [1c] controlling at least one of—presence, absence, duration of application and permanence of said masking effect on said original configuration of said digital work, in accordance with at least one criterion thereby controlling receiving of said digital work in said original configuration by said user.

85. Canva does not infringe any claim of the '489 Patent because no Canva product or service meets or embodies at least the following claim limitations: [1a] providing a masked configuration of said digital work, said masked configuration of said digital work being created by applying a masking effect on said original configuration of said digital work, said masked configuration being adapted for interfering with at least one of—viewing, hearing, displaying, and rendering of said digital work in said original configuration on a computer system, said masked configuration being readily accessible by a user of said digital work and remaining representative of said original configuration of said digital work thereby enabling said user to substantially examine said digital work; [1b] allowing said user to access said masked configuration of said digital work, for at least one of—viewing, hearing, displaying and rendering of said digital work in said masked configuration on said computer system, and providing at least a preview version of said digital work on said computer system; and [1c] controlling at least one of—presence, absence, duration of application and permanence of said masking effect on said original configuration of said digital work, in accordance with at least one criterion thereby controlling receiving of said digital work in said original configuration by said user.

86. The complaint filed by Accessify in the Texas Litigation is wholly inadequate and does not include sufficient allegations to support a claim that the Canva online visual



**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

communications and collaboration platform infringes the ’489 Patent.

87. Canva is entitled to a judgment declaring that it does not infringe any claim of the ’489 Patent. Canva has no adequate remedy at law.

**COUNT VI**

**(Declaratory Judgment that Canva Does Not Infringe the ’266 Patent (against Accessify))**

88. Canva re-alleges and incorporates each of the allegations in Paragraphs 1–57 above as though fully set forth herein.

89. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Canva and Defendant Accessify regarding whether Canva infringes any claim of the ’266 Patent.

90. Canva does not infringe, and has not infringed, any claim of the ’266 Patent. For example, Accessify identified Canva’s online visual communications and collaboration platform as infringing at least claim 1 of the ’266 Patent in the Texas Litigation. Claim 1 is reproduced below (brackets added):

> 1[pre] A method comprising:
>
> [1a] displaying an appearance of a lens in an image on a display surface, the appearance of the lens having a focal region with a magnification, the focal region at least partially within a shoulder region;
>
> [1b] receiving a first signal to select the shoulder region;
>
> [1c] while receiving the first signal, receiving a second signal to select the focal region and to adjust a position of the focal region relative to the shoulder region to define a degree and a direction of a folding of the focal region over the shoulder region for the appearance of the lens; and
>
> [1d] applying the appearance of the lens to the image to produce a presentation having the defined degree and direction of the folding of the focal region over the shoulder region.



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

91. Canva does not infringe any claim of the ’266 Patent because no Canva product or service meets or embodies at least the following claim limitations: [1a] displaying an appearance of a lens in an image on a display surface, the appearance of the lens having a focal region with a magnification, the focal region at least partially within a shoulder region; [1b] receiving a first signal to select the shoulder region; [1c] while receiving the first signal, receiving a second signal to select the focal region and to adjust a position of the focal region relative to the shoulder region to define a degree and a direction of a folding of the focal region over the shoulder region for the appearance of the lens; and [1d] applying the appearance of the lens to the image to produce a presentation having the defined degree and direction of the folding of the focal region over the shoulder region.

92. The complaint filed by Accessify in the Texas Litigation is wholly inadequate and does not include sufficient allegations to support a claim that the Canva online visual communications and collaboration platform infringes the ’266 Patent.

93. Canva is entitled to a judgment declaring that it does not infringe any claim of the ’266 Patent. Canva has no adequate remedy at law.

## COUNT VII

**(Declaratory Judgment that Canva Does Not Infringe the ’586 Patent (against Accessify))**

94. Canva re-alleges and incorporates each of the allegations in Paragraphs 1–57 above as though fully set forth herein.

95. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Canva and Defendant Accessify regarding whether Canva infringes any claim of the ’586 Patent.

96. Canva does not infringe, and has not infringed, any claim of the ’586 Patent. For example, Accessify identified Canva’s online visual communications and collaboration platform as infringing at least claim 1 of the ’586 Patent in the Texas Litigation. Claim 1 is



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

reproduced below (brackets added):

> 1[pre] A method comprising:
>
> [1a] receiving an object selection signal to select an object in an image, wherein the object is moveable within the image;
>
> [1b] in response to said receiving an object selection signal, selecting the object;
>
> [1c] subsequent to said selecting the object and while the object is selected: changing an appearance of the object to indicate that it is selected, and attaching a lens to the object;
>
> [1d] receiving a drag signal to drag the object and the lens from a first position to a second position;
>
> [1e] dragging the object together with the lens from the first position to the second position;
>
> [1f] receiving a drop signal to drop the object at the second position; and
>
> [1g] wherein the lens magnifies a portion of the object and a portion of the image outside of the object.

97. Canva does not infringe any claim of the ’586 Patent because no Canva product or service meets or embodies at least the following claim limitations: [1c] subsequent to said selecting the object and while the object is selected: changing an appearance of the object to indicate that it is selected, and attaching a lens to the object; [1d] receiving a drag signal to drag the object and the lens from a first position to a second position; [1e] dragging the object together with the lens from the first position to the second position; and [1g] wherein the lens magnifies a portion of the object and a portion of the image outside of the object.

98. The complaint filed by Accessify in the Texas Litigation is wholly inadequate and does not include sufficient allegations to support a claim that the Canva online visual communications and collaboration platform infringes the ’586 Patent.



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

99. Canva is entitled to a judgment declaring that it does not infringe any claim of the ’586 Patent. Canva has no adequate remedy at law.

**COUNT VIII**

**(Declaratory Judgment that Canva Does Not Infringe the ’424 Patent (against Accessify))**

100. Canva re-alleges and incorporates each of the allegations in Paragraphs 1–57 above as though fully set forth herein.

101. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Canva and Defendant Accessify regarding whether Canva infringes any claim of the ’424 Patent.

102. Canva does not infringe, and has not infringed, any claim of the ’424 Patent. For example, Accessify identified Canva’s online visual communications and collaboration platform as infringing at least claim 1 of the ’424 Patent in the Texas Litigation. Claim 1 is reproduced below (brackets added):

> 1[pre] A method comprising:
>
> [1a] receiving a request regarding an information product from a user device over a computer network;
>
> [1b] generating a preview version of the information product in accordance with customer-specified relevance criteria received from the user device;
>
> [1c] selecting a masking effect from a plurality of masking effects based on the information product and customer preview preferences;
>
> [1d] superposing the masking effect on the preview version of the information product by placing or laying the masking effect over or above the preview version to create a masked version of the preview version of the information product;
>
> [1e] providing the user device access to the masked version of the preview version of the information product, over the computer network, prior to purchase of the information product, in accordance with the request;



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

> [1f] offering the preview version of the information product for sale with a purchase price based on the customer-specified relevance criteria.

103. Canva does not infringe any claim of the ’424 Patent because no Canva product or service meets or embodies at least the following claim limitations: [1b] generating a preview version of the information product in accordance with customer-specified relevance criteria received from the user device; [1c] selecting a masking effect from a plurality of masking effects based on the information product and customer preview preferences; [1d] superposing the masking effect on the preview version of the information product by placing or laying the masking effect over or above the preview version to create a masked version of the preview version of the information product; [1e] providing the user device access to the masked version of the preview version of the information product, over the computer network, prior to purchase of the information product, in accordance with the request; and [1f] offering the preview version of the information product for sale with a purchase price based on the customer-specified relevance criteria.

104. The complaint filed by Accessify in the Texas Litigation is wholly inadequate and does not include sufficient allegations to support a claim that the Canva online visual communications and collaboration platform infringes the ’424 Patent.

105. Canva is entitled to a judgment declaring that it does not infringe any claim of the ’424 Patent. Canva has no adequate remedy at law.

## COUNT IX

### (Violation of Washington State Patent Troll Prevention Act and Consumer Protection Act (RCW 19.86 *et seq.* and 19.350 *et seq.*) (against Accessify and Ascend IP)

106. Canva re-alleges and incorporates each of the allegations in Paragraphs 1–57 above as though fully set forth herein.

107. Defendants Accessify and Ascend IP have each made bad faith assertions of



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

patent infringement against Canva via Mr. Chummun's October 25, 2023 email and proposing that Canva should discuss a license to Accessify's patents.

108. Defendants Accessify and Ascend IP have each made bad faith assertions of patent infringement against Canva by sending the Demand Letter asserting infringement of the Patents-in-Suit and proposing that Canva should license the nearly 200 patents that the Demand Letter lists as part of the Accessify Portfolio.

109. Defendants have not withdrawn their bad faith assertions of patent infringement.

110. These bad faith assertions of patent infringement are in violation of the PTPA (RCW 19.350).

111. The October 25, 2023, email and the Demand Letter are each bad faith assertions of patent infringement at least because they do not contain any factual allegations relating to the specific areas in which Canva's product, service, or technology is alleged to infringe the Patents-in-Suit or is covered by the claims in the Patents-in-Suit. Canva's online design platform is fully accessible to the public and plainly lacks many or all elements of the claims of each of the Patents-in-Suit. Further, the behavior of Canva's web servers, methods of authentication, and use of DNS routing are all visible externally on the public Internet such that any amount of investigation would have demonstrated that there is no infringement of the '656 Patent. Additionally, no claim charts or other analysis, or any specific allegations as to what portions of Canva's online visual communications and collaboration platform are alleged to infringe, are included in either correspondence.

112. Because Mr. Chummun directly contacted an acquaintance who is a Canva employee while fully aware that Canva has a legal department (to which he directed his next communication), Defendants have not attempted to negotiate an appropriate remedy in a reasonable manner (RCW 19.350.020(4)(b)(ii)).



**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

113. On information and belief, Defendants have not made a substantial investment in the use of the patent or in the production or sale of a product covered by the patent (RCW 19.350.020(4)(d)).

114. On information and belief, Defendants are not an inventor of the patent or an original assignee (RCW 19.350.020(4)(e)(i)).

115. On information and belief, Defendants are not an institution of higher education or a technology transfer organization affiliated with an institution of higher education (RCW 19.350.020(4)(e)(ii)).

116. On information and belief, Defendants are not an owner or licensee of a patent who is using the patent in connection with substantial research, development, production, manufacturing, processing, or delivery of products or materials (RCW 19.350.020(4)(e)(iii)).

117. Defendants' violations of the PTPA are actionable under Washington's CPA (RCW 19.86 *et seq.*). *See* RCW 19.350.030. The Consumer Protection Act provides a civil cause of action for damages, fees, and injunctive relief for such unfair or deceptive acts in trade or commerce and unfair methods of competition as a violation. *See* RCW 19.86.020; RCW 19.86.090; RCW 19.86.093.

118. Defendants' violations of the PTPA are unfair and deceptive business practices in the conduct of trade or commerce and are injurious to the public interest in attracting and developing information technology and knowledge-based businesses, avoiding deleterious effects on the economy from the burden caused by such violations on investment in and development of new or improved products and the related investments in hiring or retaining workers.

119. Canva has been and is being harmed by Defendants' ongoing violations of the PTPA and is entitled to damages, attorneys fees, and an injunction preventing further violations.



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

**PRAYER FOR RELIEF**

WHEREFORE, Canva respectfully requests the following relief:

a. Damages, treble damages, and attorney fees in excess of $75,000 pursuant to RCW 19.86.090 for Defendants' violation of the PTPA and CPA.

b. A declaration that Canva has not infringed and does not infringe the claims of the Patents-in-Suit;

c. An award of Canva's costs and attorneys' fees for its declaratory judgment claims; and

d. Any other relief as the Court may deem proper.

**JURY DEMAND**

Canva hereby demands jury trial on all issues properly heard by a jury.



HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

Dated this 18th day of December, 2023.

HILLIS CLARK MARTIN & PETERSON P.S.

By: *s/Michael J. Ewart*
Michael J. Ewart, WSBA #38655
999 Third Avenue, Suite 4600
Seattle, WA 98104
206.623.1745
jake.ewart@hcmp.com

TURNER BOYD SERAPHINE LLP

Jennifer Seraphine (*Pro Hac Vice Forthcoming*)
Jacob Zweig (*Pro Hac Vice Forthcoming*)
155 Bovet Road, Suite 750
San Mateo, CA 94402
650.521.5930
seraphine@turnerboyd.com
zweig@turnerboyd.com

*Attorneys for Plaintiff Canva US, Inc.*